**UNITED STATES of America,
Appellant,**

v.

**Robert L. MEYER, Appellee in 87–1103,
Wayne R. Meyer, Appellee in 87–1104
(D.C.Crim.Nos. 86–00346–01–02).**

**Nos. 87–1103, 87–1104.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 18, 1987.
Decided Sept. 4, 1987.

---

Edward S.G. Dennis, Jr., U.S. Atty., E.D. Pa., Joel M. Friedman, Atty. in Charge, Philadelphia Strike Force, Michael L. Seigel (argued), Sp. Atty., Philadelphia Strike Force, Philadelphia, Pa., for appellant.

A. Charles Peruto, Burton A. Rose (argued), Philadelphia, Pa., for appellee, Robert L. Meyer.

Stephen Robert LaCheen (argued), Anne M. Dixon, Philadelphia, Pa., for appellee, Wayne R. Meyer.

Before GIBBONS, Chief Judge, and WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

The United States appeals, pursuant to 18 U.S.C. § 3731 (Supp. III 1985), from an order granting the motions of Robert L. Meyer and Wayne R. Meyer to suppress as evidence 47 wrist watches seized at their place of business in Yardley, Pennsylvania. The trial court held that the incriminating nature of the watches was not immediately apparent, and thus that the plain view doctrine did not justify their seizure. We reverse.

The agents who made the seizure were at the Meyer Trading Company in Yardley for the purpose of executing a search warrant to recover items burglarized from Schroth's Gold and Silversmiths in Montville, New Jersey by a professional burglar named Ronald Kautz. Kautz had previously identified the Meyer Trading Company as a fence for items stolen from other retail stores. The owner of Schroth's identified some of his property in the Meyer Trading Company store, and the warrant authorized a search for all items burglarized from Schroth's Gold and Silversmiths. Indeed, during the execution of the warrant many Schroth items were recovered.

While executing the warrant on the second floor of the premises, the agents noticed a trap door in the floor underneath a table, partially obscured by two flattened-out cardboard boxes. They opened the trap door and found three boxes in a crawl space, and a paper bag containing a cloth bag labeled "Englehart Refinery." In the three boxes were four Schroth items listed in the warrant. In the cloth bag were 47 wrist watches manufactured by Longines, Witnauer, and Seiko. The watches, however, were not listed in the warrant. Thus, Agent Skarbek asked one of the Meyers if he could produce documents establishing legitimate possession of the watches. No such documents were produced, and the watches were seized.

At the suppression hearing Agent Skarbek testified that prior to the execution of the warrant he had received a report from the Randolph Township, New Jersey, Police Department about a burglary of watches from the Jewelry Workshop in Parsippany, New Jersey. The district court did not credit Skarbek's testimony, concluding that the incriminating nature of the watches was not so immediately apparent as to justify a plain view seizure.

■ To justify a plain view seizure, the government must establish: 1) that the law enforcement agent was lawfully in the place where he discovered the items seized; 2) that the discovery of the items was inadvertent; and 3) that the incriminating nature of the items was immediately apparent. *Coolidge v. New Hampshire*, 403 U.S. 443, 465–66, 91 S.Ct. 2022, 2037–38, 29 L.Ed.2d 564 (1971); *United States v. Scarfo*, 685 F.2d 842, 845 (3d Cir.1982), *cert. denied*, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983). The first two requirements of the plain view doctrine are clearly satisfied here. The agents, in executing the warrant to search for Schroth's property, were required to examine the crawl space and to open the brown bag and the cloth Englehart Refinery bag. Their discovery of 47 watches not listed in the Schroth inventory was inadvertent. Thus, the case turns on whether the incriminating nature of the watches was immediately apparent.

When the watches were discovered, the agents knew that Kautz, a professional burglar was fencing goods stolen from North Jersey retail stores with Meyer Trading Company. They discovered three packages of fenced merchandise from Schroth's which were secreted in a crawl space. The watches were in the only other container in the crawl space. The crawl space had been partially concealed by a table and cardboard boxes. Moreover, the premises had several large walk-in safes which were more appropriate storage spaces, as well as display areas in the public part of the store. When the agents asked for evidence of legitimate ownership of the watches, none was produced. Taken together, this set of circumstances was sufficient to lead a reasonably cautious person to believe that the watches were connected with the Meyers's criminal activities. *See Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); *United States v. Schecter*, 717 F.2d 864, 870 (3d Cir.1983). Thus, whether or not one credits Agent Skarbek's testimony about his knowledge of the Jewelry Workshop burglary of watches, the record amply supports the conclusion that the incrimina-

ting nature of the cache of 47 watches was immediately apparent.

■ *Arizona v. Hicks*, — U.S. —, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), does not suggest otherwise. In that case, the state conceded that the officers had no more than a reasonable suspicion that the stereo equipment in issue was stolen. The Court held that the application of the plain view doctrine requires probable cause, rather than reasonable suspicion, that the items seized are contraband. That standard is met here. When the agents discovered, in a crawl space under a partially concealed trap door in the premises of a known fence, a cache of four packages of merchandise, three of which contained stolen goods, they had more than a reasonable suspicion that the contents of the fourth package, of similar merchandise, was also stolen merchandise, rather than legitimate inventory. At the time their request for proof of ownership was not met, they already had probable cause. The agents had to examine the contents of the cloth bag in order to execute the warrant. That examination did not become a seizure until the suspicious circumstances amounting to probable cause were confirmed by the absence of confirmation of legitimate ownership.

The suppression orders appealed from will, therefore, be reversed.